UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GABRIEL K. JANG,<br>BILLY MORRIS BRITT, and<br>MARKSCHELL MILLS,<br><br>  Defendants. | NO. CR08-426RSL<br><br>ORDER ON REDACTION AND<br>PROTECTIVE ORDER |

This matter comes before the Court on the government's "Motion for Entry of a Protective Order," Dkt. #67. The government requests that the personal information contained in its discovery materials be deemed "Protected Material" and not be provided to anyone other than defense counsel and those employed by defense counsel to assist in the representation of defendants. Id. at 2. The government adds that "[s]uch an order will not prevent defense counsel from providing their clients with redacted discovery should they find it necessary to allow their clients additional time to review discovery materials outside the presence of counsel or other defense team members." Id. While counsel for defendant Mills has indicated that she does not object to the government's request for a protective order, id. at 3, counsel for defendant Jang has expressed concern regarding the cost and logistics of redacting all personal information

ORDER ON REDACTION AND
PROTECTIVE ORDER - 1

from the discovery documents made available to her client, Dkt. #75.[1] The government has filed no reply.

The Court agrees that the government should bear the burden of redacting all personal information from the discovery documents. The government is most familiar with those documents and is in the best position to ensure that all of the redactions desired are made. The Court hereby ORDERS the government to redact all personal information from its discovery and provide defendants with copies of its discovery in .PDF format.

The Court further enters the following:

## PROTECTIVE ORDER

The personal information related to any victims or witnesses, and any document containing personal information related to any victims or witnesses, provided by the government in discovery, is deemed Protected Material. As used in this Order, the term "personal information" refers to each victim's or witness's date of birth, Social Security number, driver's license number, bank account numbers, address, telephone number, location of employment, and other contact information.

Possession of Protected Material is limited to the attorneys of record in the above captioned case and members of the defense team assigned to assist with the representation of defendant. The attorneys of record and members of the defense team may not provide copies of the Protected Material to any other person, including any defendant in this case.

This Order does not prohibit defense counsel or members of the defense team from reviewing or discussing the contents of documents containing personal information with the defendants and prospective witnesses, and providing copies of documents in which Protected Material is redacted, as long as the attorneys of record do not share any Protected Material with the defendants or prospective witnesses. Counsel and counsel's employees shall keep any

---

[1] Defendant Britt joins in defendant Jang's response to the government's motion for a protective order. Dkt. #77.

ORDER ON REDACTION AND
PROTECTIVE ORDER - 2

Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above captioned case.

This Order may be modified if circumstances warrant and upon Order of the Court.

Violation of this Protective Order shall subject the violator to contempt of Court, or any monetary or other sanctions deemed appropriate by the Court.

DATED this 18th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON REDACTION AND
PROTECTIVE ORDER - 3